112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence E. WOOD, Defendant-Appellant.
 No. 96-50118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 26, 1997.
Decided April 25, 1997.*
 
 1
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 For the third time Lawrence E. Wood appeals to this court his conviction and sentence on the felony charge of introducing misbranded GHB into interstate commerce with intent to defraud and mislead. His conviction was affirmed in a memorandum disposition of October 21, 1993, but on April 18, 1994 he moved for a new trial or dismissal based on the prosecution's failure to disclose Brady material. We responded by finding that the undisclosed INDs were Brady material and remanded for the district court to determine their materiality. United States v. Wood, 57 F.3d 733 (9th Cir.1995).
 
 
 4
 On remand the government dismissed the counts involving Clenbuterol. The district court held the INDs were not material to Wood's conviction on the GHB counts and affirmed his conviction. We disagree with the district court and in the light of the example of the Supreme Court reach our own conclusion as to the materiality. Kyles v. Whatley, 115 S.Ct. 1555 (1995).
 
 
 5
 Wood admitted to misdemeanors in misbranding. The government had the heavy burden of proving that he had acted with intent to defraud. On this appeal the government argues that the INDs were not relevant, but we have already rejected that argument in our previous decision. Wood's felony convictions depended on whether the jury believed his expert, Weil, or the government's experts, Keutzer and Winters. The undisclosed INDs would have helped Wood to impeach Winters with "a 'reasonable probability' of a different result." Kyles, 115 S.Ct. at 1566. The undisclosed material did not prove his innocence but could "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Id.
 
 
 6
 Accordingly, Wood's conviction on the GHB counts is REVERSED.
 
 
 
 *
 Argued Telephonically and Submitted March 26, 1997
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3